IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| THOMAS ANDERSON | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. AW-06-2731 |
| MIRANT MID-ATLANTIC, LLC | * | |
| Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM OPINION

Plaintiff Thomas Anderson ("Plaintiff" or "Anderson") brings this action against Defendant Mirant Mid-Atlantic, LLC ("Defendant" or "Mirant") alleging Count I: reverse discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII"); Count II: age discrimination in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, *et seq*., ("ADEA"); and Count III: Intentional Infliction of Emotional Distress. Currently pending before the Court is Defendant's Motion to Dismiss [3]. Plaintiff contests this motion. The Court has reviewed the entire record, as well as the pleadings with respect to the instant motion. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons stated below, the Court will GRANT Defendant's Motion to Dismiss.

### FACTUAL & PROCEDURAL BACKGROUND

The following facts are taken in the light most favorable to the non-movant. Plaintiff was employed by Defendant as a plant tech worker from May 21, 1973 until May 10, 2005. Plaintiff alleges that Ed Huber, Plaintiff's immediate supervisor's supervisor, was rumored to have said that "[Anderson] is 50 years old; he will be gone in five years; what good is he anyway?" Subsequently Plaintiff was terminated on May 10, 2005 for the proffered reason that he was sending pornographic

e-mails to himself. Plaintiff claims that Defendant treated Plaintiff in a discriminatory manner, where Gary Shaw, an African-American co-worker, was found with pornographic magazines in his locker, purportedly a much greater violation, was given probation instead of termination whereas Plaintiff was terminated. In addition, Plaintiff claims that other employees often browsed the internet for purely personal reasons and for substantially longer periods of time than he did, yet they were never disciplined, let alone terminated. Plaintiff alleges that Defendant never gave Plaintiff notice of any impending layoff or any opportunity to consider an alternative to terminating his employment. Plaintiff further contends that Defendant's actions caused Plaintiff to suffer from depression, a medical condition for which he was prescribed medication and therapy.

On September 23, 2005, Plaintiff filed a charge of discrimination with the Maryland Commission on Human Relations ("MCHR") and the Equal Employment Office Commission ("EEOC"). On July 7, 2006, after an investigation of Plaintiff's charge, the EEOC issued a "Notice of Right to Sue" letter. Plaintiff claims that he did not receive the letter until July 26, 2006. Subsequently, on October, 17, 2006, Plaintiff filed his Complaint against Defendant. Currently before the Court is Defendant's motion to dismiss. The motion is ripe, and the Court now issues this opinion.

**DISCUSSION**

Title VII and the ADEA both require that a plaintiff commences a court action within ninety (90) days of receipt of his or her right to sue notice from the EEOC. See 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(e). Although not jurisdictional, the ninety day limitations period bars untimely actions absent equitable tolling or exceptional circumstances. *See Griffin v. Prince William Hospital Corporation*, 716 F.Supp 919, 921 (4th Cir. 1989). However, even though the ninety day time period is subject to equitable tolling, one who fails to act diligently cannot invoke equitable principles to excuse lack of diligence. *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984). Therefore, the instant action, filed on October 17, 2006, is untimely unless Plaintiff received

the right to sue letter on or after July 18, 2006.

In ascertaining the start date, the Fourth Circuit has rejected a mechanically applied "actual receipt" rule. *Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 654 (4th Cir. 1987). Instead, the Fourth Circuit has instructed trial courts to make "a case-by-case examination to determine if an equitable tolling of the filing period is appropriate." *Id.* Here, the record reflects that on July 7, 2006, the EEOC mailed its right to sue letter to the only address Plaintiff provided. However, the record also reflects that Plaintiff's Counsel, on May 9, 2006 and July 12, 2006, requested that the EEOC send the right to sue letter to Plaintiff's counsel via facsimile, which was then received on July 26, 2006. In interpreting the facts in the light most favorable to the Plaintiff, where Plaintiff's counsel requested the EEOC send his client the right to sue letter in May and July, long before the October deadline was of any consequence, the Court believes that Plaintiff did not receive the right to sue letter at any time before July 26, 2006. Furthermore, the Court believes that Plaintiff exercised diligence and good faith in trying to obtain the letter back in May and July, where there is no indication of any intent of ill-will or foul play by Plaintiff in an effort to toll the filing date.

Therefore, the Court, in reviewing these facts on a case-by-case examination as instructed by the Fourth Circuit, finds that equitable tolling is appropriate in this action and believes that Plaintiff did not receive actual notice of his right to sue through no fault of his own. *Watts-Means v. Prince George's Family Crisis Ctr.*, 7 F.3d 40 (4th Cir. 1993). Furthermore, as Plaintiff did not receive the right to sue letter until July 26, 2006, Plaintiff had until October 27, 2006 to timely file suit. Therefore, the Court finds that Plaintiff's Complaint, filed on October 17, 2006, was timely filed. Accordingly, the Court will DENY Defendant's motion to dismiss, as to Counts I and II of Plaintiff's Complaint.

As to Count III of Plaintiff's Complaint, Plaintiff, in his response to Defendant's motion to dismiss, indicated that he consents to the dismissal of his intentional infliction of emotional distress claim. As such, the Court will GRANT Defendant's motion to dismiss as to Count III: Intentional

Infliction of Emotional Distress of Plaintiff's Complaint.

## CONCLUSION

For the reasons stated above, the Court will GRANT-IN-PART and DENY-IN-PART Defendant's Motion to Dismiss [3].  Furthermore, the Defendant is DIRECTED to Answer or otherwise respond to Plaintiff's Complaint within twenty (20) days from the entry of this Memorandum Opinion and Order.  An Order consistent with this Opinion shall follow.

<u>March 30, 2007</u>                                        <u>          /s/          </u>
Date                                                         Alexander Williams, Jr.
                                                             United States District Court